OPINION
{¶ 1} Defendant-appellant Alessandro Rengan (hereinafter "Alessandro") appeals from a decision of the trial court adopting a Magistrate's Decision which overruled Alessandro's Motion for Modification of Parenting Time. For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 2} Alessandro and plaintiff-appellee Janet A. Franklin-Rengan (hereinafter "Janet") were married on December 27, 1990, in Fairborn, Ohio. During their marriage, the parties had two children: Krishna, born May 8, 1991; and Ramachandran (hereinafter "Rama"), born February 23, 1993.
 {¶ 3} Alessandro and Janet finalized their divorce on August 31, 2000. As part of their divorce, Janet was awarded residential parental rights of both Rama and Krishna. With respect to visitation, the court implemented an "enhanced" Standard Order of Visitation whereby Alessandro would receive custody of the children on the weekends commencing Friday at 6:00 p.m. and ending when he returned the children to school on Monday morning. Alessandro also has custody of the children on Wednesday nights from 6:00 p.m. until approximately 10:00 p.m. and during the summer for three (3) weeks.
 {¶ 4} Alessandro filed the Motion to Modify Parenting Time on December 20, 2002. Hearings on this matter were conducted by the magistrate on June 13, 2003, and August 28, 2003. On January 16, 2004, the magistrate filed her Decision and Permanent Order in which she overruled Alessandro's motion for modification. Alessandro filed his Objections to Magistrate's Decision and Supplemental Objections on January 30, 2004, and June 23, 2004, respectively. On August 11, 2004, the trial court overruled Alessandro's objections and adopted the Magistrate's decision in its entirety. It is from this decision that Alessandro presently appeals.
 II {¶ 5} Alessandro's sole assignment is as follows:
 {¶ 6} "The trial court erred in that it's decision was against the manifest weight of the evidence and was not in the children's (sic) Best interest."
 {¶ 7} In his only assignment of error, Alessandro contends that the trial court erred when it adopted the magistrate's decision which overruled his motion for modification of parenting time. Alessandro asserts that the evidence clearly supported a modification of the current visitation schedule that would allow him equal parenting time with the two minor children as that presently enjoyed by Janet, the custodial parent.
 {¶ 8} The trial court's discretion in custody disputes is quite broad, which necessarily limits the authority of an appellate court to reverse a custody determination as against the manifest weight of the evidence. Pathan v. Pathan (Sep. 15, 2000), Montgomery App. No. 18254, 2000 WL 1299529, citing Roachv. Roach (1992), 79 Ohio App.3d 194, 208. In assessing the weight of the evidence, reviewing courts will not reverse judgments supported by some competent, credible evidence establishing all the essential elements of the case. Bawidamannv. Bawidamann (1989), 63 Ohio App.3d 691, 695, 580 N.E.2d 15. InDavis v. Flickinger (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159, the Ohio Supreme Court recognized that the deference to be accorded a trial court's assessment of the credibility of evidence in child custody disputes is especially great, because the credibility issue is "even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well."
 {¶ 9} R.C. § 3109.04(E)(1)(a) provides that a court may not modify a prior order allocating parental rights and responsibilities unless it finds that a change in circumstances of the child or residential parent has occurred and that the modification is necessary to serve the best interest of the child. The statute further requires the court to retain the residential parent designated by the prior decree allocating parental rights unless a modification is in the best interest of the child and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. R.C. § 3109.04(E)(1)(a)(iii).
 {¶ 10} Alessandro argues that the trial court mistakenly based its decision to overrule the motion for modification of parenting time on responses provided by Krishna and Rama during an in camera interview conducted by the magistrate, as well as Alessandro's alleged failure to comply with paragraph sixteen (16) of the visitation order concerning the children's school work.
 {¶ 11} Evidence was presented during the hearings that the children expressed an unwillingness to play certain extracurricular activities proposed by their father. Instead of honoring those wishes, Alessandro testified that he told the boys that they did not have to participate, but they did have to stand on the field while the game was in progress. Alessandro contends "that by overriding the children's verbal `wishes' regarding soccer he enabled the children to realize their real interests and appreciate their true potential." Moreover, it was shown that Alessandro signed the children up for extracurricular activities without consulting Janet prior to doing so.
 {¶ 12} With respect to the children's homework, testimony was presented that the children's Wednesday night homework often remained unfinished when they returned to their mother's residence. Janet testified that this has a detrimental effect on the children's ability to perform adequately at school. There was also testimony that Rama suffers from Attention Deficit Disorder (hereinafter "ADD") and that he has been prescribed Ritalin to treat the condition. At the time of the hearings, Rama took the medication on a daily basis. Alessandro testified that he does not agree that Rama should be prescribed Ritalin for his ADD. He believes that Rama simply needs individualized attention and special care to assist him in overcoming any problems caused by his condition. Thus, when the children are under the care and control of their father, Alessandro purportedly withholds Rama's medication from him. As the custodial parent, it is Janet's choice whether or not to administer Ritalin to Rama to help control his condition at the direction of medical professionals. Evidence was presented during the hearing that demonstrates that it is both physically and mentally detrimental to Rama to withhold his prescribed medication. Testimony was adduced during the hearing that since Rama has been taking Ritalin to treat his ADD, his participation at school, as well as his grades, have improved.
 {¶ 13} While clearly Alessandro possesses legitimate concerns about the prescription drug Ritalin and his childrens' activities, we find that after a thorough review of the record, the trial court had before it competent, credible evidence by which it found that there was no compelling reason to modify the children's visitation schedule. Thus, the judgment of the trial court was not against the manifest weight of the evidence. We hold that it is in the best interests of Rama and Krishna to maintain the visitation schedule as it currently exists.
 III {¶ 14} Alessandro's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).